GUILLERMO ATILES MORÉU, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta de los señores LUIS JANER, Presidente, JUAN M. HERRERO y FRANCISCO PAZ GRANELA, Comisionados Asociados, y JUAN JANEIRO VÉLEZ, obrero lesionado, recurridos.

Núm. 488.

*Sometido:* 3 de noviembre de 1954. *Resuelto:* 30 de noviembre de 1954.

*Donald R. Dexter, Aida Casañas O'Connor* y *Rafael A. Oliveras Vera,* abogados del recurrente; *Juan Janeiro Vélez, pro se.*

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

La cuestión aquí envuelta es si la compensación de un obrero por un accidente del trabajo se fija a base de un máximo en vigor en la fecha del accidente o en la fecha en que la Comisión Industrial resuelve el caso.

Juan Janeiro Vélez se lesionó el 21 de junio de 1952. La Comisión, que resolvió el caso el 27 de mayo de 1954, le concedió compensación como sigue: (1) 66⅔% por la pérdida de sus funciones fisiológicas generales, a base de un máximo de $3,500; (2) 66⅔% por la desfiguración de su rostro, a base de un máximo de $500. La Comisión rechazó la contención del Administrador del Fondo del Seguro del Estado al efecto de que debería aplicar a este caso el máximo de $3,000 por la incapacidad parcial permanente y el máximo

de $300 por la desfiguración, fijados por la Ley de Compensaciones por Accidentes del Trabajo a la fecha en que ocurrió el accidente. Por el contrario, la Comisión usó los máximos de $3,500 y de $500, respectivamente, fijados por la Ley núm. 115, Leyes de Puerto Rico, 1953 ((1) pág. 411), aprobada después de la fecha en que ocurrió el accidente. Expedimos el auto a solicitud del Administrador para revisar esta decisión de la Comisión.

 Es cierto que la Ley de Compensaciones por Accidentes del Trabajo es legislación reparativa que debe interpretarse liberalmente a favor de los empleados. Sin embargo, cuando ocurrió el accidente de que aquí se trata, Janeiro a lo sumo tenía derecho a los máximos de $3,000 y $300, respectivamente. La Asamblea Legislativa de haberlo así deseado pudo haber dispuesto en la Ley núm. 115 que los máximos más altos en ella especificados se aplicarían no solamente a accidentes futuros si que también a accidentes anteriores en que la compensación no se hubiera aún adjudicado. El silencio de la Ley núm. 115 sobre, esta cuestión trae a colación la disposición de nuestro Código Civil al efecto de que "Las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario." Véanse *Luce & Co.* v. *Junta Salario Mínimo*, 62 D.P.R. 452, 470; *López* v. *South P. R. Sugar Co.*, 62 D.P.R. 238. En ausencia en la ley de una disposición expresa en sentido contrario, la fórmula en cuanto a derechos sustantivos es lo que la ley provee a la fecha del accidente y no lo que la ley provee a la fecha en que se decide el caso. Esto está a tono con los casos de compensaciones por accidentes del trabajo resueltos en otras jurisdicciones. *Illinois Zinc Co.* v. *Industrial Commission*, 9 N.E.2d 212 (Ill., 1937); *Schmahl* v. *School Dist. No. 12 of Pine County*, 274 N.W. 168 (Minn., 1937); *Solomon* v. *A. W. Farney, Inc.*, 286 N.W. 254, 259 (Neb., 1939); *Lancaster* v. *State Compensation Com'r*, 23 S.E.2d 601 (W.Va., 1942); *Lynch* v. *State*, 145 P.2d 265 (Wash., 1944); *Thomas* v. *Crummies*

*Creek Coal Co.*, 179 S.W.2d 882 (Ky., 1944) ; *Ellis* v. *Kroger Grocery & Baking Co.*, 152 P.2d 860 (Kan., 1944).

*La resolución de la Comisión Industrial será revocada y el caso se devolverá para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Ortiz no intervino.