Luis V. Rodríguez, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada.

Número: O-68-251    Resuelto: 18 de junio de 1969

*Baragaño, Trías, Saldaña & Francis* y *Guillermo A. Nigaglioni,* abogados del recurrente; *Eddie Gaud Caraballo, E. Delgado Roque, Gilberto Cobián Aparicio* y *M. García Viera,* abogados del Administrador del Fondo del Seguro del Estado.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

El día 6 de abril de 1964, el recurrente Luis V. Rodríguez sufrió un infarto del miocardio mientras realizaba sus labores como ayudante del vicepresidente de la Puerto Rican Cement Company, Inc., quedando incapacitado para continuar desempeñando sus labores.

En 9 de febrero de 1966 la Comisión Industrial dictó resolución revocando la del Fondo del Seguro del Estado que denegaba compensación al recurrente y ordenó que se le diera la "íntegra protección de ley". En cuanto a los honorarios de abogado la Comisión dispuso lo siguiente:

"Por servicios profesionales prestados a este lesionado que redundaron en su beneficio se fijan los honorarios del Lic. José A. Cestero en una suma equivalente a un 15% de la compensación que corresponda a este lesionado con motivo de este recurso y se Ordena al Administrador del Fondo del Seguro del Estado pague los mismos conforme a la ley."

En 15 de septiembre de 1966 el Fondo emitió una decisión donde estableció, entre otras cosas, que el obrero tenía derecho a una compensación ascendente a la suma de $6,000.00 que es el máximo que fijaba la ley para dichos casos y que tenía derecho a que dicha indemnización se le hiciera efectiva.

En 24 de abril de 1967 el Fondo informó a los abogados del obrero que su agencia había descontado la cantidad de $900.00 por concepto de honorarios de abogado de la compensación a que tenía derecho el lesionado. De esa determinación apeló el obrero para la Comisión Industrial y ésta, emitió en 4 de junio de 1968, una resolución dictaminando que los honorarios de abogado fijados en su resolución de 9 de febrero de 1966 debían ser satisfechos con cargo a la compensación concedida al lesionado.

Expedimos un auto para revisar dicha resolución.

Para la fecha del accidente, 6 de abril de 1964, la Ley de Compensaciones de Accidentes del Trabajo disponía en su Art. 35 (11 L.P.R.A. sec. 36), que si los obreros o empleados decidieran obtener los servicios de abogado para la mejor dirección y defensa de sus casos, la Comisión Industrial fijaría el tanto por ciento que debía pagársele al abogado en la gestión de una reclamación en favor del empleado u obrero o sus herederos o beneficiarios y que en tales casos "la Comisión Industrial fijará con cargo a la compensación que

se conceda, el tanto por ciento que deba corresponder al abogado como honorarios."

La Ley Núm. 69 de 23 de junio de 1965 enmendó el citado Art. 35 de la Ley de Compensaciones sobre Accidentes del Trabajo, consistente en esencia dicha enmienda, en establecer que el por ciento que fijare la Comisión Industrial como honorarios de abogados sería fijado con cargo al Fondo del Seguro del Estado, y no con cargo a la compensación concedida. También se dispuso que los honorarios fijados por la Comisión Industrial o por el tribunal en su caso, serán los únicos que podrá percibir el abogado que preste sus servicios al obrero o empleado.

La Comisión Industrial expresa así los fundamentos de su decisión:

"Consignamos nuevamente que en este caso es de rigor la aplicación de las disposiciones del Artículo 3 del Código Civil (31 L.P.R.A. 3), al establecer que las leyes no tendrán efecto retroactivo a menos que expresamente así lo indique la Asamblea Legislativa. De ello se desprende que el efecto de las leyes de carácter sustantivo será siempre prospectivo.

En relación con lo anterior véanse los casos de *Luce & Co.* v. *Junta de Salario Mínimo*, 62 D.P.R. 452; *Báiz* v. *Comisión Hípica*, 63 D.P.R. 483, *Petrovich* v. *Secretario de Hacienda*, 79 D.P.R. 250, 281.

El Tribunal Supremo de Puerto Rico ha resuelto que la enmienda a una Ley de carácter sustantivo no retrotrae sus efectos a la fecha en que empezó a regir la Ley enmendada a menos que expresamente diga lo contrario y siempre que no perjudique derechos al amparo de esta Ley. Sostiene además el Supremo, que una persona no puede reclamar derechos reconocidos por una Ley de carácter sustantivo que sea enmendada, si la Ley enmendatoria nada expresamente provee en cuanto a que tenga efecto retroactivo. (Véase *López* v. *South P.R. Sugar Co.* 62 D.P.R. 238.)

En el Tribunal Supremo en el caso de *Atiles, Admor.* v. *Comisión Industrial*, 77 D.P.R. 511, 512, hizo el siguiente pronunciamiento ante una situación similar a la que actualmente tenemos bajo consideración:

'Es cierto que la Ley de Compensaciones por Accidentes del Trabajo es legislación reparativa que debe interpretarse liberalmente a favor de los empleados. Sin embargo, cuando ocurrió el accidente de que aquí se trata, Janeiro a lo sumo tenía derecho a las máximos de $3,000 y $300, respectivamente. *La Asamblea Legislativa de haberlo así deseado pudo haber dispuesto en la Ley Núm. 115 que los máximos más altos en ella especificados se aplicarían no solamente a accidentes futuros si que también a accidentes anteriores en que la compensación no se hubiera aún adjudicado.* El silencio de la Ley Núm. 115 sobre esta cuestión trae a colación la disposición de nuestro Código Civil al efecto de que "Las Leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario." '

Más adelante señaló el Tribunal:

'En ausencia en la Ley de una disposición expresa en sentido contrario, la fórmula en cuanto o derechos sustantivos es lo que la Ley provee a la fecha del accidente y no lo que la Ley provee a la fecha en que se decide el caso.'

Concluímos de conformidad con lo anteriormente expresado, y contrario a las pretensiones del peticionario, que la Ley Núm. 69 de 23 de junio de 1965 tiene efecto prospectivo y que por tanto no es de aplicación en casos de accidentes ocurridos con anterioridad a su fecha de vigencia, pues de haber sido lo intención de la Asamblea Legislativa que las disposiciones de Ley 69 tuvieran efecto retroactivo cubriendo accidentes acaecidos con antelación a dicha fecha, así lo hubiera dispuesto expresamente.

A tenor con lo antes expuesto, la Comisión Industrial RESUELVE, confirmar nuestra resolución de 9 de febrero de 1966, fijándole honorarios de abogados al Lcdo. José A. Cestero en una suma equivalente a un 15% de la compensación que corresponda al lesionado, aclarándose que la misma debe hacerse con cargo a la compensación otorgada al lesionado." (Resolución de la Comisión Industrial de 4 de junio de 1968, Exhibit III.)

Contrario al dictamen de la Comisión, no creemos que se trate en este caso de dar efecto retroactivo a la Ley Núm. 69 de 23 de junio de 1965, al aplicarse al recurrente, ni que sea tan claro el punto sobre el carácter sustantivo de la enmienda

que hizo dicha Ley a la "Ley de Compensaciones de Accidentes del Trabajo".

No podemos atribuirle a la Legislatura la intención de que la Ley Núm. 69, a la cual dio vigencia inmediata, no se aplicara a los casos de accidentes del trabajo ocurridos antes de la aprobación de dicha ley y pendientes aún de tramitación. No lo dispuso así dicha ley. En contraste, al aprobarse la Ley Núm. 103 de 21 de junio de 1968 para aumentar los beneficios por compensación a que tenían derecho los obreros o empleados reclamantes se dispuso expresamente que las enmiendas introducidas por dicha ley empezarían a regir el día 1 de julio de 1968, "disponiéndose que los beneficios aquí provistos serán concedidos a los trabajadores y/o sus beneficiarios en los casos de accidentes del trabajo que ocurran a partir de dicha fecha."

Éste no es un argumento decisivo por sí solo, en la determinación de la intención legislativa. Sin embargo, atribuirle a la Legislatura una intención contraria frustraría en parte los fines o propósitos de la enmienda. En el informe sometido al Senado por su Comisión de Trabajo recomendando la aprobación de la Ley Núm. 69, se expresó en parte así:

"El actual Artículo 35, coloca al obrero que utiliza los servicios de un abogado en una posición un tanto desfavorable. Éste tiene que soportar [sic] el pago de los honorarios, no empece que sea el propio Administrador el que recurra a los tribunales y que el patrono sea uno no asegurado. Esta situación no fomenta la utilización de estos servicios profesionales; por el contrario, la desalienta." (Servicio Legislativo de Puerto Rico, 23 de julio de 1965, Volumen 3, Núm. 3, pág. 453.)

Sabemos ya que la enmienda, en lo que aquí nos concierne, consistió en disponer que los honorarios de abogado en vez de cargarse a la compensación otorgada se cargasen al Fondo del Seguro del Estado. El efecto práctico de dicho cambio viene a ser el de que el Estado provea servicios gratuitos de abogado a los obreros reclamantes en los casos de patronos

asegurados conforme a la ley. No nos parece razonable sostener que se trata aquí de un derecho sustantivo que surge en el momento de ocurrir el accidente como lo es el derecho a determinada compensación que por ser uno de carácter sustantivo se rige, a falta de una disposición legal en contrario, por la ley en vigor a la fecha del accidente, según resolvimos en *Atiles, Admor.* v. *Comisión Industrial,* supra. El uso de servicios de abogado por un obrero lesionado depende de la necesidad que tenga de dichos servicios. No viene obligado a utilizarlos conforme dispone el Art. 35 de la ley y puede contratarlos en cualquier etapa de su reclamación. Sería irrazonable sostener, según apunta el recurrente, que en los casos de accidentes ocurridos el día o días antes de entrar en vigor la Ley Núm. 69 los honorarios fijados en esos casos por la Comisión Industrial se fijarían, conforme a la ley derogada, con cargo a la compensación concedida. Lo razonable y correcto es que la Comisión aplique la ley en vigor a la fecha en que fija los honorarios de abogado.

Es cierto que en el presente caso los abogados comenzaron a prestar sus servicios al empleado reclamante antes de aprobarse la Ley Núm. 69 pero no es menos cierto también que continuaron prestando esos servicios en defensa de derechos importantes del empleado después de aprobada la Ley Núm. 69 y que era ésta la ley en vigor cuando la Comisión resolvió el caso y fijó los honorarios de abogado. El derecho de los obreros o empleados a que los honorarios del abogado que utilicen para la mejor dirección y defensa de sus casos se carguen al Fondo del Seguro del Estado, surge desde que entró en vigor la Ley Núm. 69 y se aplica dicha Ley a los casos en tramitación resueltos con posterioridad por la Comisión como ocurrió en el presente caso.

*Por las razones expuestas se revocará la Resolución de la Comisión Industrial de 4 de junio de 1968 y se devolverá el caso para que en su lugar se dicte otra ordenando al Ad-*

*ministrador del Fondo del Seguro de Estado pague los hono-
rarios del abogado José A. Cestero con cargo al Fondo.*