GUSTAVO WISCOVITCH Y OTROS, recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO ET AL., recurridos.

*Número:* O-70-24        *Resuelto:* 9 de febrero de 1971

*Gilberto Cobián Aparicio,* abogado de los recurrentes; *Emilio Delgado Roque, Miguel A. Guzmán Soto, Jorge Márquez Gómez y Manuel Candelario Muñiz,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

El presente recurso envuelve un importante aspecto del derecho a asistencia de abogado que la ley le reconoce a los

obreros o empleados, sus herederos o beneficiarios en la tramitación y defensa de sus derechos en los casos de reclamaciones por accidente del trabajo: el pago de honorarios por tales servicios.

Los hechos que sirven de trasfondo sucintamente son: El Administrador del Fondo del Seguro del Estado le reconoció incapacidad *parcial* permanente a unos obreros lesionados en accidentes del trabajo y les concedió una compensación de seis mil dólares a cada uno que era la compensación máxima permitida por la ley entonces vigente. [1]

Los obreros lesionados apelaron para ante la Comisión Industrial utilizando para ello los servicios de abogado. En la apelación, mediante Resolución de la Comisión emitida el 9 de julio de 1965, se logró que se les reconociese una incapacidad *total* permanente y se les aumentase a $18,900.00 la compensación que había fijado el Administrador. Por los servicios prestados por los abogados la Comisión Industrial fijó sus honorarios en un quince por ciento (15%) del aumento obtenido en apelación, hasta un máximo de mil dólares. Los abogados recibieron del Administrador mil dólares por sus servicios en apelación, máximo que puede pagarse por honorarios, de acuerdo con la Sec. 7, inciso (2) (B) del Reglamento de la Comisión Industrial, 11 R.&R.P.R., sec. 8-7 (2) (B).

Posteriormente, en 4 de mayo de 1966, siendo ya firme [2] la decisión de la Comisión Industrial, el Administrador redujo

---

[1] Ley Núm. 45 de abril 18, 1935, conocida como Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3, inciso 3.

[2] "Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con este Capítulo, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico *dentro del término de quince (15) días* después de su notificación: Disponiéndose que dicha revisión solamente podrá concederse sobre cuestiones de derecho o apreciación de prueba cuando ésta sea de carácter pericial.

Ninguna de las partes incurrirá en costas de clase alguna en la

las compensaciones a los obreros lesionados de $18,900.00 que había fijado la Comisión a $11,215.80. Esta decisión la tomó el Administrador a tenor con una opinión rendida por el Contralor de Puerto Rico el 10 de marzo de 1966.

No conformes con esta reducción, los obreros apelaron a la Comisión Industrial a través de *otros* abogados, quienes comparecieron ante la Comisión en una vista pública celebrada el día 25 de enero de 1967. En esta segunda apelación, la Comisión Industrial en 17 de agosto de 1967 resolvió nuevamente que la incapacidad era *total* permanente, y que la compensación era la de $18,900.00 y no la de $11,215.80 como había decidido el Administrador basado en la opinión del Contralor. ([3])

En esta última resolución, la Comisión fijó los honorarios de los abogados por los servicios prestados ´por éstos en la segunda apelación en un quince por ciento (15%) del aumento obtenido por los lesionados en cada uno de los casos.

El Administrador solicitó reconsideración de aquella parte de la resolución que fijaba honorarios de abogado; y la Comisión Industrial, dos años después, accedió a ello modificando su resolución, eliminándolos ". . . en vista del lenguaje claro y sencillo de la disposición que reglamenta el pago de honorarios de abogado por servicios legales . . .", adoptando así el argumento del Administrador al efecto de que los honorarios concedidos en la resolución del 17 de agosto de 1967 por servicios en el trámite de la que hemos llamado *segunda* apelación eran *ilegales* ya que la Sec. 7 del Reglamento establece que en *ningún caso* se pagarán honorarios de abogado en exceso de la cantidad de $1,000.00 y que esa cantidad ya

tramitación de los recursos establecidos por este Capítulo." 11 L.P.R.A. sec. 12. (Énfasis suplido.)

([3]) Véase *Rodríguez* v. *Comisión Industrial*, 99 D.P.R. 368 (1970), en el que consideramos la controversia en torno a la fórmula para computar la compensación en los casos de incapacidad total y permanente resultante de accidentes del trabajo.

había sido agotada mediante pago a los abogados que tramitaron la *primera* apelación.

Una reconsideración solicitada por los abogados fue declarada sin lugar. Recurrieron ante nos en solicitud de revisión, pues no han cobrado aún los servicios prestados a los lesionados en la segunda apelación.

Acordamos revisar. Los abogados sostienen que "un caso" es o surge de cualquier resolución adversa a un lesionado. Es decir, que un caso es una controversia legal ante la Comisión y no una reclamación, y que interpretar "caso" como sinónimo de reclamación tendría el resultado de dejar a los lesionados sin asistencia de abogado en la etapa apelativa, negándole así el derecho de asistencia de abogados bajo el debido procedimiento de ley.

La Ley de Compensaciones por Accidentes del Trabajo, [4] se aprobó, como lo expresa su título, para promover el bienestar de los habitantes de Puerto Rico en lo referente a accidentes que causen la muerte o lesiones, o enfermedades o muerte derivadas de la ocupación de los trabajadores en el curso de su empleo. Para la ejecución de estos fines se estableció un sistema de seguro compulsorio patronal, de compensaciones y beneficios para los trabajadores o sus beneficiarios en caso de muerte para ser administrado por el Estado.

Para rendir los servicios a los trabajadores se crearon unos organismos, la oficina del Administrador del Fondo del Seguro del Estado y la Comisión Industrial. El primero, para atender la prestación de servicios médicos y de hospitalización, investigación, pago de compensaciones y liquidación de los casos. La segunda, con funciones de naturaleza cuasi judicial y cuasi tutelar, para la resolución de todos los casos de accidentes en los cuales el Administrador y el obrero o sus beneficiarios, no llegasen a un acuerdo con respecto a

---

[4] Ley Núm. 45, aprobada el 18 de abril de 1935, 11 L.P.R.A. sec. 1 *et seq.*

la compensación, reconociéndosele al obrero su derecho a apelar a ella de cualquier decisión del Administrador con la cual no estuviere conforme.

Nuestra ley en su Art. 35, (⁵) 11 L.P.R.A. sec. 36, según quedó enmendado mediante la Ley Núm. 69 del 23 de junio de 1965, le reconoce al obrero o a sus beneficiarios el derecho a estar asistido de abogado ante el Administrador o ante la Comisión Industrial para la mejor dirección y defensa de sus casos; faculta a la Comisión a fijar, con cargo al Fondo del Seguro del Estado, el tanto por ciento que deba corresponder al abogado como honorarios; y dispone, finalmente, que los honorarios fijados por la Comisión Industrial

---

(⁵) Dicho artículo, bajo el título de "abogados o agentes", dispone:

"Los obreros o empleados no necesitarán comparecer asistidos de abogados ante el Administrador del Fondo del Estado o ante la Comisión Industrial para la gestión, liquidación o resolución de sus casos, pero si decidieren obtener los servicios de un abogado para la mejor dirección y defensa de sus casos, la Comisión Industrial fijará el tanto por ciento que deba pagársele al abogado en la gestión de una reclamación en favor del empleado u obrero o sus herederos o beneficiarios, de acuerdo con las disposiciones de este Capítulo.

En tales casos la Comisión Industrial, fijará con cargo al Fondo del Seguro del Estado, el tanto por ciento que deba corresponder al abogado como honorarios. Los gastos en que incurra el Fondo del Estado en virtud de esta disposición no se computarán en los costos actuariales para fijar las primas del seguro. En los casos de patronos no asegurados, en violación de la ley, el cargo se hará al patrono no asegurado, cuando el obrero ganare el caso. No se permitirá bajo ninguna circunstancia la comparecencia de agentes u otras personas en ningún caso en reclamación ante la Comisión Industrial a menos que se trate de un menor o incapacitado en el cual caso la persona que represente al menor o incapacitado no podrá cobrar suma alguna ni recibir remuneración alguna de ninguna índole por representar o ayudar en su reclamación de compensación al interesado.

En los casos que sean objeto de revisión ante las cortes y en los de *mandamus* autorizados por este Capítulo en que se utilicen los servicios de un abogado, la Corte ante la cual se vea el caso fijará los honorarios que equitativamente debe recibir el abogado, con cargo al Fondo del Seguro del Estado. En los casos de patronos no asegurados, en violación de la ley, el cargo se hará al patrono no asegurado, cuando el obrero ganare el caso.

Los honorarios fijados por la Comisión Industrial o el Tribunal serán los únicos que podrá percibir el abogado que preste sus servicios."

"serán los únicos que podrá percibir el abogado que preste sus servicios."

■ Como se podrá observar, el fin de la ley es proveer servicios gratuitos de abogado a los obreros reclamantes colocándolos en una mejorada posición de hacer valer sus derechos frente a un sinnúmero de cuestiones altamente técnicas y complicadas tanto en su aspecto legal como médico que suelen surgir en el trámite de estos casos. Si a esto se le añade la posición de marcada ventaja que disfruta el Administrador, con la asistencia legal y técnica de personal especializado que tiene a su alcance en estos asuntos, en su capacidad dual de hacer labor investigativa de las reclamaciones que se entablan contra el Fondo y, adjudicativa, en lo que respecta al pago de compensaciones y liquidación de los casos de obreros, se comprenderá la razón de un sistema llamado a fomentar, no desalentar, el asesoramiento y ayuda legal a los obreros lesionados o sus beneficiarios en la tramitación de sus reclamaciones.

Esa fue la intención legislativa de la enmienda al Art. 35, adoptada por la Asamblea Legislativa mediante la Ley Núm. 69 del 23 de junio de 1965 consistente en establecer que el por ciento que fijase la Comisión Industrial como honorarios de abogados sería fijado con cargo al Fondo del Seguro del Estado, y no con cargo a la compensación concedida.

En *Rodríguez* v. *Comisión Industrial*, 97 D.P.R. 432 (1969), considerábamos la cuestión de si dicha ley era aplicable o no a los casos que estuvieran en trámite aunque hubiesen surgido con anterioridad a su vigencia. Al decidir en la afirmativa, encontramos apoyo en el informe de la Comisión de Trabajo recomendando la aprobación de la Ley Núm. 69, el que en parte lee así:[6]

---

[6] Servicio Legislativo de Puerto Rico, 23 de julio de 1965, Vol. 3, Núm. 3, pág. 453.

"El actual Artículo 35, coloca al obrero que utiliza los servicios de un abogado en una posición un tanto desfavorable. Este tiene que soportar [*sic*] el pago de los honorarios, no empece que sea el propio Administrador el que recurra a los tribunales y que el patrono sea uno no asegurado. Esta situación no fomenta la utilización de estos servicios profesionales; por el contrario la desalienta."

El Administrador sostiene que el significado del término "caso" hay que buscarlo en la práctica administrativa seguida por la agencia desde 1961 en que se aprobó el Reglamento de la Comisión Industrial. En otras palabras que *caso* es sinónimo de *reclamación*; y habiéndose agotado ya el máximo de $1,000.00 que fija el reglamento por servicios de abogado prestados en la *primera* apelación, el pago de honorarios por servicios prestados en la *segunda* sería ilegal.

No tiene razón. El Reglamento de la Comisión Industrial en su Sec. 8–7 aprobado en 1961 ([7]) dispone:

"La Comisión Industrial autorizará el pago de los siguientes honorarios, con cargo a las compensaciones (derogado por la ley en 1965)

(1) En los casos de incapacidad parcial permanente:
   (A) .     .     .     .     .     .     .     .
   (B) .     .     .     .     .     .     .     .
(2) En los casos de incapacidad total o muerte:
   (A) .     .     .     .     .     .     .     .
   (B) *Por servicios prestados ante la Comisión,* una suma que no excederá de 15 por ciento del aumento obtenido con motivo de *la apelación.* Disponiéndose que en los casos surgidos a partir del día primero de julio de 1960, el por ciento se computará tomando como base el monto de los pagos pensionales que correspondan a los beneficiarios o al obrero durante un término de 10 años. *Disponiéndose, además, que en ningún caso se pagarán honorarios de abogado en exceso de la cantidad de $1,000.00.*" (Bastardillas nuestras.)

---

([7]) 11 R.&R.P.R. sec. 8–7.

Trátase en este caso de servicios profesionales de abogado prestados en una apelación que fue provocada por una resolución del Administrador modificando otra, ya firme, de la Comisión Industrial, organismo de mayor jerarquía y facultades cuasi judiciales para revisar las decisiones del Administrador. La presente es, a todas luces, una situación *sui generis*, peculiar, que ha provocado una interpretación que no nos parece haya sido el producto de la experiencia.

Estamos frente, más bien que a una práctica, a un problema de interpretación de un reglamento administrativo. Nuestra misión es velar que la interpretación del organismo administrativo encuentre apoyo en el propósito que se desprende de la propia Sec. 35 de la Ley. *Hernández García* v. *J.R.T.*, 94 D.P.R. 22, 29 (1967); *Rosario Mercado* v. *San Juan Racing Assn.*, 94 D.P.R. 634, 642 (1967); *South P.R. Sugar Co.* v. *Junta*, 82 D.P.R. 847, 864 (1961); *Ex Parte Irizarry*, 66 D.P.R. 672, 676 (1946).

Hemos visto que ese propósito es el de ofrecerle servicio legal al obrero lesionado, con cargo al Fondo del Seguro del Estado, cuando el obrero lo estime conveniente para la mejor dirección y defensa de la reclamación. Es éste el factor determinante en esta controversia.

La interpretación de la Comisión no cumple con ese propósito, pues desalentaría más bien que alentaría, como es la intención de la ley, la utilización de servicios de abogados.

■ Somos de opinión, y así lo resolvemos, que la frase "en ningún caso" está utilizada en la Sec. 8–7 del Reglamento con referencia a la frase "Por servicios prestados ante la Comisión". Su significado es el siguiente: "En *ningún caso* de *servicios prestados ante la Comisión* se pagarán honorarios en exceso de $1,000.00."

Se logra así el propósito de la ley. En *Rodríguez* v. *Comisión Industrial*, (supra) a la pág. 437, sostuvimos:

"El uso de servicios de abogado por un obrero lesionado depende de la necesidad que tenga de dichos servicios. No viene

obligado a utilizarlos conforme dispone el Art. 35 de la ley y *puede contratarlos en cualquier etapa de su reclamación."* (Bastardillas nuestras.)

█ *Se anularán las resoluciones recurridas y se devolverán los casos a la Comisión Industrial para que allí se fijen los honorarios de los abogados recurrentes por sus servicios prestados en la segunda apelación de conformidad con lo dispuesto en la Sec. 8–7 del Reglamento.*

El Juez Asociado Señor Santana Becerra no intervino.