*952 TEXTO COMPLETO DE LA SENTENCIA
Ante nos, el apelante, Rafael Maldonado Cintrón, en el interés de que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, que dispuso que la Policía de Puerto Rico no tenía que reinstalar al apelante en el mismo puesto o uno similar al que ocupaba antes de surgir su incapacidad y por la cual estuvo recibiendo una pensión del Sistema de Retiro de los Empleados del Gobierno y la Judicatura. Así mismo, el tribunal determinó que no procedía su reclamación de daños.
Por los fundamentos que habremos de exponer, se revoca la sentencia apelada.
I
Rafael Maldonado Cintrón comenzó a trabajar como miembro de la Policía de Puerto Rico en diciembre de 1968. Ocupaba el puesto de Agente Investigador Auxiliar, devengando un salario de ochocientos treinta y cinco dólares ($835.00) mensuales.
Sufrió un accidente en el trabajo que lo incapacitó temporalmente en el desempeño de sus funciones. El 31 de diciembre de 1982, Maldonado Cintrón se acogió a los beneficios de una incapacidad ocupacional. La Administración de los Sistemas de Retiro (en adelante "el Retiro") le concedió beneficios mensuales por trescientos setenta y siete dólares ($377.00).
El 10 de febrero de 1988, Retiro resolvió que el apelante estaba capacitado para continuar en el servicio público y le comunicó a la Policía que debían reinstalarlo no más tarde de noventa (90) días. No obstante, no fue hasta el 5 de junio de 1990, alrededor de dos (2) años de haberse vencido el plazo concedido, que la Policía lo reinstaló.
Una vez reinstalado, Maldonado Cintrón fue ubicado en un puesto distinto al que ocupaba al advenir su incapacidad, a saber, el puesto civil de Oficinista I. Dicho puesto, además de ser distinto y de menor jerarquía, tenía una retribución menor comparada con la cantidad que recibía antes de la incapacidad, de quinientos setenta y siete dólares ($577.00). Por ello, se le pago un diferencial en su sueldo, conforme a lo establecido en el Art. 11 de la Ley Núm. 449, de 15 de mayo de 1951, según enmendada, 3 L.P.R.A. §771. Lo anterior, con el propósito de igualar el sueldo que recibía Maldonado Cintrón a la fecha de su incapacidad ocupacional.
Rafael Maldonado Cintrón incoó demanda contra Retiro y la Policía de Puerto Rico, reclamando daños y perjuicios. Mientras se dilucidaba el procedimiento judicial en el Tribunal de Primera Instancia, el puesto que ocupara Maldonado Cintron antes de advenir su incapacidad, cambió de Agente Auxiliar I a Sargento.
La controversia planteada ante el Tribunal de Primera Instancia se limitó a determinar si en virtud del Artículo 11 de la Ley 447 del 15 de mayo de 1951, 3 L.P.R.A. §771, se requería la reinstalación de Maldonado Cintrón a un puesto igual o similar al que tenía a la fecha de la incapacidad o bastaba la reinstalación del apelante a cualquier puesto. Ello en consideración a que el puesto de Oficinista I y el de Agente Investigador Auxiliar (que luego fue modificado a Sargento), eran totalmente distintos en funciones y retribución.
Trabada la controversia, el Tribunal de Primera Instancia determinó que surgía claramente de la citada disposición legal que Maldonado Cintrón tenía derecho a ser reinstalado en cualquier puesto en la Policía en el que devengara una retribución igual a la que correspondía al puesto del cual fue separado al determinarse su incapacidad. Siendo ello así, el tribunal apelado concluyó que la Policía había actuado correctamente al reinstalar *953 a Maldonado Cintron y no procedía su acción en daños y perjuicios.
Inconforme con dicha determinación, el apelante presentó el recurso de epígrafe señalando que el Tribunal de Primera Instancia había interpretado incorrectamente el Artículo 11 de la Ley Núm. 447, supra. Le asiste la razón. Veamos.
II
La controversia ante nos se circunscribe a determinar si el señor Rafael Maldonado Cintrón tenía derecho a ser reinstalado en el puesto que ocupara antes de advenir su incapacidad ocupacional, en virtud del Artículo 11 de la Ley Núm. 447, supra. De otra manera, procede que determinemos si actuó correctamente el tribunal de instancia al interpretar que la citada ley le confirió a la Policía de Puerto Rico la discreción para ubicar al apelante en cualquier puesto, aun cuando éste fuera distinto en funciones y retribución.
La Ley Núm. 447 del 15 de marzo de 1951, supra, con sus enmiendas correspondientes, rige los asuntos relacionados con el retiro de los empledos del gobierno. Dicho estatuto ha sido objeto de varias enmiendas. Para los efectos del caso de autos, la norma establece que serán de aplicación al caso aquellas enmiendas vigentes al momento de ocurrir el accidente del trabajo, no al momento de comenzar a trabajar el querellante. López v. Muñoz, Gobernador, 80 D.P.R. 4 (1957); Atiles v. Comisión Industrial, 77 D.P.R. 511 (1954).
En lo que concierne a la reinstalación de un empleado que se ha recuperado de su incapacidad, la citada ley dispone en su sección 771 lo siguiente:
“§771. Reglas que regirán las anualidades por incapacidad

...El Administrador exigirá que todo pensionado que esté disfrutando de una anualidad por incapacidad, se someta periódicamente a un examen que practicarán uno o más médicos nombrados por el Administrador para determinar el estado de salud del participante y su grado de incapacidad. Si como resultado de este examen se encontrase que el pensionado se ha recobrado de su incapacidad, lo suficiente para servir en cualquier empleo retribuido que le permita percibir una retribución por lo menos igual a la que percibía al tiempo de su retiro, el participante tendrá derecho a ser reinstalado en cualquier puesto en la agencia de la cual se separó por razón de incapacidad en el que devengue una retribución igual a la que corresponda al puesto del cual se separó al determinarse su incapacidad. Si dicho pensionado ocupase un puesto con retribución menor a la que percibía al tiempo de su retiro, tendrá derecho a recibir por un año, a partir de la fecha en que sea reinstalado, una compensación igual a la diferencia entre el sueldo que disfrutaba a la fecha de su retiro y la retribución que perciba en el puesto actual, siempre que dicha diferencia no exceda del monto de la anualidad por incapacidad de que disfrutaba.

Cuando el Administrador resuelva que ha cesado la incapacidad de un participante, requerirá de la autoridad nominadora de la agencia donde el participante prestaba Servicios al momento de acogerse a la anualidad por incapacidad que proceda a su reinstalación, conforme a lo dispuesto en el párrafo que antecede. Dicha autoridad nominadora vendrá obligada a efectuar la reinstalación dentro de un término no mayor de noventa (90) días a partir de la notificación del Administrador. De no existir un puesto vacante para ubicar al participante, una vez éste se recobre de su incapacidad, dicha autoridad nominadora deberá gestionar la creación de un puesto regular. ”

Un análisis de la disposición antes transcrita, nos permite determinar que, en efecto, la Ley de Retiro, supra, establece que el participante tiene derecho a ser reinstalado en cualquier puesto, una vez cese su incapacidad.
Cabe señalar, sin embargo, que la Ley de Retiro, supra, obviamente se refiere a una estructura sin divisiones, donde todos los empleados pertenecen a una misma categoría. De ahí a que aparentemente se haga innecesaria dilucidar la dicotomía de si se reubica al empleado que ha cesado en su incapacidad al puesto que ocupaba anteriormente a cualquier puesto disponible al momento de la reinstalación.
*954 Ahora bien, una adecuada consideración de la controversia planteada ante esta Curia, exige un examen I riguroso del Reglamento de Personal de la Policía de Puerto Rico. Es imperativo que veamos la aplicación de la Ley de Retiro, supra, conjuntamente con las disposiciones del reglamento.
En el Reglamento de la Policía se establece una guía para administrar dicho cuerpo de empleados públicos. I En su parte introductoria, el reglameno nos indica que la Policía de Puerto Rico es un Administrador Individual y como tal, tiene la responsabilidad de administrar directamente todo lo relativo a su personal. Dicha administración tiene que estar basada en el principio de mérito que rige a los empleados del Gobierno de Puerto Rico. A esos mes, el Superintendente_quedó facultado para determinar, mediante reglamento, la organización y administración de la Policía de Puerto Rico, las obhgaciones, responsabilidades y conducta de sus miembros y cualquier otro asunto necesario para el funcionamiento del Cuerpo. 1
Como podemos advertir, aunque los policías son empleados públicos, su administración goza de una I autonomía que le es ajena a los demás empleados gubernamentales. Por ende, en la aplicación de la Ley de Retiro supra, se tiene que tomar en consideración dicha particularidad.
rintS!,?™0 Ü ^ C?ntr°VerSia que aquí ?os concieme, el reglamento nos arroja luz para resolver que Maldonado I ntron tema derecho a que se le reinstalara en el puesto que ocupaba antes de incapacitarse o, de lo contrario en un puesto con funciones similares. , uc iu wumauu, en |
En lo pertinente al asunto que nos ocupa, encontramos que el Artículo 20 del citado reglamento rige lo I relativo a los reingresos de los empleados a la Policía de Puerto Rico. Específicamente, en la sección 20.1 (2) (c) e íc o articulo, se atiende los reingresos de los empleados que se hayan recobrado de su incapacidad En dicha sección se dispone lo siguiente: r I
"2. Tendrán derecho a reingreso los siguientes empleados:

a....

b....

qUB’ S6i reC°bren de- SU ¡nfaP“cidad’ lue8° de haber estado disfrutando una anualidad porl pacidad ocupacional o no ocupacional de alguno de los sistemas de retiro auspiciados por el Gobierno. ”

Así mismo, en la Sección 20.6 del mismo artículo se establece que:

“Sección 20.6 - Reingresos a Clases de Puestos Modificadas o Eliminadas

sidolndrtZn™ f m0mTt0fepr°uced™e al rein8res° d* empleado, la clase depuesto que ocupaba haya I sido modificada o eliminada, el nombre del solicitante se ingresará al registro correspondiente para la clase de JíZZfZZ ™sta:ncialmfte corresponden a las de la clase de puesto que fue modificada o\ eliminada. El empleado deberá reunir los requisitos del puesto. ” (Enfasis nuestro).
PnliS r,dl°“0S0 dfla frasfología utilizada en el articulado, nos permite concluir que un empleado de la I , de Puert° haya Sldo separado de su puest0 P°r razón de incapacidad, entre otras razones, tiene derecho a ser reinstalado al puesto que ocupara antes de advenir tal incapacidad, y si este puesto no existiere, a un puesto cuyas funciones sustancialmente correspondan al puesto eliminado.
En el caso de autos, el puesto de Agente Auxiliar I fue modificado a Sargento durante los procedimientos I JmomentoS,dC<intran0 & lo dlspaesto en la sección 20.6 antes citada, respecto a las modificaciones existentes al i del. r®mgreso-, No Estante independientemente del momento de la modificación o eliminación del puesto, al solicitar su reingreso a la policía, el empleado tiene la expectativa de ocupar el mismo puesto del cual *955 se separó. Es decir, lo dispuesto en la citada sección presupone que la primera opción que tiene el empleado al reingresar a la Policía de Puerto Rico es ocupar el puesto que tenía antes de advenir su incapacidad. Si el puesto fue modificado o eliminado, se procederá a anotar su nombre en un registro para ubicarlo en un puesto similar a que ocupaba. Ello elimina la posibilidad o alternativa de reubicarlo en una posición cuyas funciones sean sustancialmente distintas. Lo anterior obedece, tanto al principio de mérito como a la capacidad y destrezas necesarias para ocupar un puesto.
Por tanto, el reglamento de los policías provee un mecanismo para ubicar a los empleados que hayan sido separados de sus puestos por circunstancias particulares, en un puesto igual al que ocupaban o uno similar en funciones, al momento de su reingreso.
No podemos perder de perspectiva que la Ley de Retiro, supra, es una de aplicación general a la población de empleados gubernamentales. Por otro lado, tenemos un reglamento que atiende, específicamente, la administración de los policías del país. Dicho reglamento dispone la manera en que se atenderán los asuntos relacionados al movimiento de personal; entre ellos, el reingreso de los empleados. Tal especificidad tiene precedencia sobre la generalidad estatuida en la Ley del Retiro, supra.
En el caso Carie García v. Supte. de la Policía, 114 D.P.R. 667, el Tribunal Supremo utilizó un razonamiento que es de aplicación a la controversia de autos. Aunque en dicho caso se trataba de un traslado, distinto al caso de marras que trata sobre una reinstalación, la descripción que allí se hace sobre la Policía de Puerto Rico nos sirve como marco de referencia para resolver la controversia que nos ocupa.
En el citado caso, el Tribunal Supremo indicó que la Policía de Puerto Rico es un administrador individual. Como tal, con sujeción a las disposiciones de la Ley de Personal y otras aplicables, tiene la responsabilidad de administrar directamente y con cierta autonomía todo su personal en las áreas esenciales al principio de mérito.
Se estableció, además, que la administración de personal en la Policía de Puerto Rico, excepto sus empleados civiles, se rige por el concepto de rango. Por ello se le excluye, entre otras cosas, de la rigurosidad y exigencias ordinarias relativas al sistema de traslado. Las complejidades y urgencia de su misión, justifican a cabalidad reconocerle esa flexibilidad operacional y movibilidad en su personal.
Tomando como norte que los puestos no civiles de la Policía de Puerto Rico se rigen por el concepto de rangos, nos percatamos de que estamos ante una agencia con un esquema estructurado dentro del cual los empleados corresponden a distintas categorías.
Siendo ello así, la controversia planteada no puede resolverse exclusivamente bajo el palio de una ley de aplicación general como lo es la Ley de Retiro. En atención a las particularidades que cobija la administración del personal de la Policía de Puerto Rico, es necesario recurrir al reglamento de la policía donde se recogen y atienden tales particularidades.
Examinada la Ley de Retiro, el Reglamento de Personal de la Policía de Puerto Rico y la jurisprudencia aplicable, resolvemos que a Rafael Maldonado Cintrón le asistía el derecho de ser reinstalado en el puesto que ocupaba antes de su incapacidad. De no existir tal puesto por modificación o eliminación, la Policía de Puerto Rico venía obligada a ubicarlo en un puesto similar. Al actuar de manera distinta, ubicando al apelante en un puesto civil, sustancialmente distinto al puesto que ocupaba, con una retribución menor, la Policía actuó incorrectamente.
Habida cuenta de lo anterior, se revoca la sentencia apelada y se ordena a la Policía de Puerto Rico reinstalar a Rafael Maldonado Cintrón a un puesto cuyas funciones sustancialmente correspondan al puesto que éste tenía al momento de surgir su incapacidad.
*956 Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General